IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK

```
---------------------------------------------------------x
   DESIGNER GREETINGS, INC.              )
                                         )
              Plaintiff,                 )    Civil Action No. 2:CV 14-5936
                                         )
          v.                             )
                                         )
   HARRY SHAH d.b.a. 50% OFF CARDS;      )
   JAY CARDS & GIFTS 2001 INC. and       )
   SUNNY ENTERPRISES OF 2001 INC.,       )
                                         )
              Defendant.                 )
---------------------------------------------------------x
```

COMPLAINT FOR TRADEMARK INFRINGEMENT,
FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION

       1. Plaintiff, Designer Greetings, Inc., is a corporation duly organized under the laws of the State of New York, with a principal place of business at 11 Executive Avenue, Edison, New Jersey 08817.

       2. Upon information and belief, Defendant Harry Shah is an individual having a place of business at 50% Off Cards, IGA Plaza, 880 Merrick Road, Copiague, New York.

       3. Upon information and belief, Defendant, Harry Shah, has a second place of business at 285-4 S. Broadway, Hicksville, New York 11801.

       4. Upon information and belief, Defendant, Jay Cards & Gifts 2001 Inc. is a New

1

York Corporation having a principal place of business at IGA Plaza, 880 Merrick Road, Copiague, New York.

5. Upon information and belief, Defendant, Sunny Enterprise of 2001 Inc. is a New York Corporation having a principal place of business at 285-4 S. Broadway, Hicksville, New York 11801.

6. This action for trademark infringement and false designation of origin arises under the Trademark Act of 1946 (15 U.S.C. §1050 et. seq.). The Court has jurisdiction pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1338(a), and venue lies within this district pursuant to 28 U.S.C. §1391. This Court has jurisdiction of the cause of action for unfair competition and common law trademark infringement under 28 U.S.C. §1338(b).

7. The Court has personal jurisdiction over the Defendants.

8. Since long prior to the acts of Defendants complained of herein, the Plaintiff through its predecessors in interest has continuously engaged in the sale of greeting cards and related products in the United States including the State of New York under the following trademarks:

**MARK**

CARDSMART

CARD$MART

CARDSMART 50% Off Every Card Every Day

9. Plaintiff is the exclusive licensee of the following United States Trademark Registrations all of which are subsisting and in force:

| **MARK** | **REGISTRATION NO.** |
|---|---|
| CARD$MART | 2013981 |

        CARDSMART 50% Off Every Card Every Day      2288556

10. Plaintiff's Certificates of Registration for Nos. 2013981 and 2370756 are prima facie evidence of the validity of the registered marks in connection with the goods or services specified in the registration 15 U.S.C. §1115(a).

11. Since prior to the acts of Defendants complained of herein, Plaintiff's marks, through its predecessors in interest, have acquired widespread public recognition.

## **DEFENDANTS INFRINGING ACTS**

12. Defendants have been selling greeting cards under the trademark "Card Smart" at Defendants' place of business.

13. Upon information and belief, the stores at which Defendants sell greeting cards have a CardSmart sign on the premises as well as by the greeting cards sold by Defendants. The greeting cards sold by Defendants are not Designer Greetings greeting cards as required by the CardSmart Agreement.

14. Defendants' use of the CardSmart trademark is without Plaintiff's consent or permission.

15. On December 10, 2013, Plaintiff sent Defendants a cease and desist letter demanding the Defendants cease and desist from all further use of the CardSmart trademark. Defendants declined to do so.

16. On January 24, 2014, Plaintiff again wrote to Defendants concerning Defendants failure to remove the CardSmart signs. Defendants have failed to remove the signs and discontinue use of the CardSmart trademark.

## COUNT I

## **TRADEMARK INFRINGEMENT**

17. Plaintiff re-alleges paragraphs 1 through 16.

18. Defendants' aforesaid acts are likely to cause confusion, mistake or deception as to the source of the parties' products. Specifically, Defendants' use of a colorable imitation of Plaintiff's Card$mart trademark in connection with Defendants' sale of greeting cards is likely to cause purchasers and others to mistakenly believe that Defendants or their products are legitimately connected with, sponsored by or approved by Plaintiff.

19. Defendants' aforesaid acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114, and the common law of New York.

20. On information and belief, Defendants' actions have been and continue to be committed willfully and intentionally with full knowledge of Plaintiff's rights, and of the fact that such actions likely confuse the public and harm Plaintiff.

21. Defendants' aforesaid acts are greatly and irreparably damaging to plaintiff and will continue to damage plaintiff until enjoined by this Court, wherefore Plaintiff is without adequate remedy at law.

## COUNT II

## **FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**

22. Plaintiff re-alleges paragraphs 1 through 21.

23. Defendants' aforesaid acts tend falsely to represent Defendants and their aforesaid products as being affiliated, connected or associated with, or sponsored or approved by, Plaintiff in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

24. Defendants' aforesaid acts constitute unfair competition with Plaintiff, and result in Defendants' unjust enrichment under the common law of New York.

25. Defendants' aforesaid acts are generally and irreparably damaging to Plaintiff and will continue to damage Plaintiff unless enjoined by this Court, wherefore Plaintiff is without adequate remedy at law.

**WHEREFORE, Plaintiff prays that:**

(1) Defendants, their officers, agents, servants, employees, attorneys and all others in active concert or participation with Defendants, jointly and severally, be enjoined and restrained during the pendency of this action and permanently thereafter from:

    a. using CardSmart or any other mark or designation that is confusingly similar to Plaintiff's Card$mart trademark; and

    b. performing any other acts which are likely to lead the public to believe that Defendants' products are in any manner licensed, sponsored, approved or authorized by Plaintiff or which dilute the distinctive quality of the Card$mart trademark.

(2) Defendants be ordered to pay Plaintiff all damages suffered by reason of Defendants' wrongful acts as set forth in this Complaint, pursuant to 15 U.S.C. §§1117(a) and 1125(c)(2).

(3) The Court award Plaintiff three times the damages suffered by reason of the wrongful acts of Defendants as set forth in this Complaint, pursuant to 15 U.S.C. §§1117(a) and 1125(c)(2).

(4) Defendants be ordered to pay plaintiff all profits realized by Defendants by reason of Defendants' wrongful acts as set forth in this Complaint, pursuant to 15 U.S.C. §§1117(a) and 1125(c)(2).

(5)     Defendants be ordered to pay Plaintiff the costs of this action and reasonable attorney's fees, pursuant to 15 U.S.C. §§1117(a) and 1125(c)(2).

(6)     Defendants be directed to identify and destroy all infringing and unfairly competing materials, including but not limited to Defendants' infringing and unfairly competing products, and all printed material, packaging and advertising bearing colorable imitations of the CardSmart trademark.

(7)     Defendants be required to file with the Court and serve on plaintiff a written report under oath setting forth in detail the manner of its compliance with the terms of this Court's order in accordance with 15 U.S.C. §1116.

(8)     Plaintiff shall have such other relief as this Court may deem just and proper.

Respectfully submitted,

By: s/Thomas A. O'Rourke/
Thomas A. O'Rourke, Esq. (TO 7526)
BODNER & O'ROURKE, LLP
425 Broadhollow Road, Ste. 120
Melville, New York 11747
Tel: (631)249-7500
Fax: (631)249-4508
torourke@bodnerorourke.com

Plaintiff demands a trial by jury.