```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DESIGNER GREETINGS, INC.,

                         Plaintiff,

         -against-                              MEMORANDUM & ORDER
                                                14-CV-5936(JS)(SIL)
HARRY SHAH d/b/a 50% OFF CARDS, JAY
CARDS & GIFTS 2001, INC., and SUNNY
ENTERPRISES OF 2001, INC.,

                         Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Thomas A. O'Rourke, Esq.
                    Bodner & O'Rourke
                    425 Broadhollow Road, Suite 108
                    Melville, NY 11747

For Defendants:     No appearance
```

SEYBERT, District Judge:

Pending before the Court is Magistrate Judge Steven I. Locke's Report and Recommendation ("R&R"), recommending that this Court grant Plaintiff's motion for a default judgment; decline to award monetary damages at this time; grant Plaintiff leave to file a submission that substantiates the damages, attorney's fees, and costs it seeks to recover; and permanently enjoin Defendants from further infringing upon Plaintiff's trademark rights pursuant to the Lanham Act.  (R&R, Docket Entry 14, at 2.)  For the following reasons, the Court ADOPTS Judge Locke's R&R in its entirety.

BACKGROUND

This action was commenced on October 9, 2014 by plaintiff Designer Greetings, Inc. ("Plaintiff") against defendants Harry Shah d/b/a 50% Off Cards, Jay Cards & Gifts 2001 Inc., and Sunny Enterprises of 2001 Inc. (collectively, "Defendants"). Plaintiff alleges that Defendants have violated the Lanham Act, 15 U.S.C. § 1050, et. seq. (Compl., Docket Entry 1, at ¶ 6.) Plaintiff, the exclusive licensee of the "Card$mart" and "Cardsmart 50% Off Every Card Every Day" trademarks (the "Card$mart Trademarks"), permits the sale of its greeting cards in retail stores. (Compl. at ¶ 9; Pl.'s Decl., Docket Entry 12-3, ¶¶ 4-5). Plaintiff enters into licensing agreements with retail stores in which the retail stores agree to only purchase and sell Plaintiff's greeting cards in exchange for Card$mart signs and favorable pricing. (Pl.'s Decl. ¶ 7.) Plaintiff alleges that Defendants "began to sell third-party cards in addition to [Plaintiff's] cards, all under the Card$mart trademarks, and without the permission of [Plaintiff]." (Pl.'s Decl. ¶ 12.) Additionally, Plaintiff alleges that from 2010 to the present, Defendants have not sold Plaintiff's greeting cards but have displayed the Card$mart Trademarks outside of their stores and Card$mart signage inside of their stores. (Pl.'s Decl. ¶ 15.)

On March 2, 2015, Plaintiff moved for entry of a default judgment against Defendants. (Docket Entry 12.) On June 15, 2015,

the undersigned referred Plaintiff's motion to Judge Locke for an R&R on whether the motion should be granted. (Docket Entry 13.)

On November 25, 2015, Judge Locke issued his R&R. (Docket Entry 14.) The R&R recommends that this Court grant Plaintiff's motion for a default judgment; decline to award monetary damages at this time; grant Plaintiff leave to file a submission that substantiates the damages, attorney's fees, and costs it seeks to recover; and permanently enjoin Defendants from further infringing upon Plaintiff's trademark rights pursuant to the Lanham Act. (R&R at 19-20.)

DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

3

Upon careful review and consideration, the Court finds Judge Locke's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

CONCLUSION

Judge Locke's R&R (Docket Entry 14) is ADOPTED in its entirety. Plaintiff's motion is GRANTED IN PART and DENIED IN PART. Plaintiff's request for a default judgment against Defendants is GRANTED and Defendants are permanently ENJOINED from: (1) using the Card$mart Trademarks or any mark, trade name, or design that is likely to be confused with the Card$mart Trademarks; (2) displaying any signs that contain the Card$mart Trademarks or contain any mark, trade name, or design that is likely to be confused with the Card$mart Trademarks; (3) committing any acts likely to lead a reasonable person to mistakenly believe that the goods or services provided by Defendants are sponsored, approved, supervised, connected or associated in any way with Plaintiff or the Card$mart Trademarks; and (4) applying to register any trademark, service mark, trade name, business name, or corporate name that includes the Card$mart Trademarks or any terms likely to be confused with the Card$mart Trademarks.

Within thirty (30) days of the date of this Memorandum & Order, Defendants shall deliver to Plaintiff all signs, brochures, labels, prints, packages, advertising, promotional

material, and other printed matter in their possession that bear the Card$mart Trademarks.

Plaintiff's request for damages, costs, and/or attorneys' fees is DENIED WITHOUT PREJUDICE and with leave to submit substantiating documentation. The Court GRANTS Plaintiff leave to obtain discovery with respect to Defendants' profits from 2011 through 2014 to the extent that such information reasonably relates to Plaintiff's damages calculation. Plaintiff is directed to submit appropriate documentation of the damages, attorneys' fees, and costs it seeks to recover within ninety (90) days of the date of this Memorandum and Order.

Plaintiff is directed to serve a copy of this Memorandum & Order on Defendants and file proof of service on ECF.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March __15__, 2016
       Central Islip, New York